FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 01, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STACIE MAY N., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 1:18-CV-03146-RHW <br><br> **ORDER GRANTING PARTIES' STIPULATED MOTION FOR REMAND** |

Before the Court is the parties' Stipulated Motion for Remand. **ECF No. 18**. This case has a lengthy history. In May 2012, Plaintiff filed an application for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C § 401-434, and an application for Supplemental Security Income under Title XVI of the Act, 42 U.S.C §1381-1383F. AR 12, 249, 258. In 2015, the Commissioner of Social Security denied Plaintiff's applications. AR 1-3, 9-24. Plaintiff sought judicial review of the Commissioner's decision. AR 1171-1173. This Court found that the administrative law judge (ALJ) improperly rejected the opinion testimony of Mary Pellicer, M.D. AR 1185-86. The Court remanded for the ALJ to credit Dr. Pellicer's opinion and include the functional limitations set forth in her report. AR

**ORDER GRANTING PARTIES' STIPULATED MOTION FOR REMAND**
~ 1

1193. The Court instructed the ALJ to recalculate Plaintiff's residual functional capacity and then in light of this recalculation, determine if other jobs existed in significant numbers in the national economy that Plaintiff could perform. AR 1193.

On remand, the ALJ held another hearing and stated that he had incorporated the restrictions from Dr. Pellicer's report into the residual functional capacity. AR 1088, 1095. Despite the stated incorporation of these additional limitations, the ALJ concluded that jobs existed in significant numbers in the national economy that Plaintiff could perform. AR 1098. Accordingly, the ALJ again concluded that Plaintiff was not disabled within the meaning of the Social Security Act and therefore that she was not entitled to Disability Insurance Benefits or Supplemental Security Income. AR 1100.

Plaintiff then brought this action, again seeking judicial review of the Commissioner's decision. ECF No. 3. The parties now jointly move the Court to reverse and remand for further administrative proceedings. ECF No. 18. Based on the agreement of the parties and the record, the Court finds good cause to **GRANT** their motion.

The Commissioner's decision to deny Plaintiff's applications for Social Security benefits is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). **As this case was previously**

**remanded to the same ALJ, the Appeals Council will direct that, upon remand, this case be assigned to another ALJ.** ECF No. 18 at 2.

On remand, the new ALJ will: (1) adopt the limitations in Dr. Pellicer's medical opinion and provide rationale for how the residual functional capacity accounts for each limitation; (2) reconsider Plaintiff's subjective complaints; (3) reassess the other opinion evidence;(4) reconsider Plaintiff's residual functional capacity; (5) obtain vocational expert evidence; (6) offer Plaintiff a supplemental hearing; and (7) issue a new decision. *Id.* at 1-2.

Accordingly, **IT IS HEREBY ORDERED**:

1. The parties' Stipulated Motion for Remand, **ECF No. 18**, is **GRANTED**.

2. The Commissioner's decision is **REVERSED** and this matter is **REMANDED** for further administrative proceedings consistent with this order.

3. Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is now moot.

4. The District Court Executive shall enter judgment for the Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, forward copies to counsel, and **close the file**.

**DATED** this 1st day of May, 2019.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING PARTIES' STIPULATED MOTION FOR REMAND**
~ 3